IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-03046-RBJ-KLM

MARIA BURKE, both individually and on behalf of the Individual Retirement Account of Maria Burke, and
DONNA GRAHAM, both individually and on behalf of the Individual Retirement Account of Donna Graham,

      Plaintiffs,

v.

STERLING TRUST COMPANY n/k/a EQUITY TRUST COMPANY d/b/a EQUITY INSTITUTIONAL, an Ohio Corporation,

      Defendant.

---

## ORDER

      This matter comes before the Court through unfortunately circumstances.  The two plaintiffs in this case, Ms. Burke and Ms. Graham, were allegedly persuaded to trust an unscrupulous investment advisor who cheated them out of their life savings.  That investment advisor, Perry Sawano, is currently facing charges under the Colorado Securities Act and, as this Court understands it, his assets have been frozen.  That may explain why the plaintiffs have chosen to sue the trust company that facilitated their investments instead of Mr. Sawano.

      The Court would not, of course, wish to see these individuals left without recourse, especially considering the financial situation that now faces them.  However, they filed their lawsuit in the wrong forum.  Defendant objects, and the Court, exercising jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332(a), agrees that the objection is valid.  For the reasons set forth below, this case is dismissed without prejudice.

## BACKGROUND

According to the allegations of the Complaint, Ms. Burke and Ms. Graham are retired individuals whose savings were held in self-directed IRA accounts.  Sterling Trust Company (now owned by Equity International Trust Company) is a business that, for a fee, acts as custodian of IRA accounts under the provisions of Sections 401 through 409 of the Internal Revenue Code.  It promotes itself as a custodian concentrating in "alternative investments."

It is unclear how Ms. Burke and Ms. Graham met Perry Sawano, or how he convinced them to invest with him.  However, he did, and Sterling Trust was enlisted to serve as the custodian of the assets in which they invested on his advice.  Specifically, Ms. Burke opened an account with Sterling Trust in 2010, and at Mr. Sawano's direction she invested $150,000 in business entities he controlled.  In 2011, Ms. Graham opened an account with Sterling Trust and at Mr. Sawano's direction she invested $570,000 in business entities he controlled.  In both cases, the plaintiffs claim that they did not know the relationship between Mr. Sawano and these business entities, or that he was running a Ponzi scheme.  Due to Mr. Sawano's allegedly fraudulent conduct the plaintiffs' investments are now worthless.

Simply put, the plaintiffs (on Mr. Sawano's advice) directed Sterling Trust to invest their money in the aforementioned companies.  The plaintiffs do not allege that Sterling Trust advised them to invest with Mr. Sawano, or that it knew of or was complicit in the Ponzi scheme Mr. Sawano was allegedly running.  Instead, their claims against Sterling Trust primarily rely on tort and contract theories going to whether it had a duty to investigate the companies in which the plaintiffs invested, including conducting independent valuations of the companies.  The plaintiffs

assert a variety of complaints against Sterling Trust, including a federal RICO action.  However, the issue facing this Court is whether the case must be dismissed for improper venue.

## LEGAL ANALYSIS

The defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), citing a variety of defenses including *forum non conveniens*.  [Doc. #10 at 1–3].  A motion to dismiss for improper venue is more properly filed under Fed. R. Civ. P. 12(b)(3).  *See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002) (citation omitted).  Regardless, the issue here turns on the enforceability of a forum selection clause, specifically, clauses in its IRA Custodial Account Agreement and in its signed Direction of Investment Agreement that require that suits against Sterling Trust be brought in county court in Lorain County, Ohio.  [*See e.g.*, Doc. #10-1 at 6, ¶ 8.15; Doc. #18-3 at 13, ¶ 8.15; Doc. #18-4 at 5, ¶ 15; Doc. #18-5 at 7, ¶ 8.15; Doc. #18-6 at 5, ¶ 15].

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."  *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999).  However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).

The plaintiffs contend that the Court cannot consider these agreements because they are in dispute and, in the alternative, because their signatures on the agreements cannot be

authenticated.  They suggest that Mr. Sawano *could have* forged their signatures because he has been known to forge other clients' signatures.

The problem is that there is nothing about these documents that suggests that they are inauthentic or contain forgeries.  Plaintiffs have not alleged that the agreements are not authentic or that their signatures were forged.  The Court cannot entertain the argument that there is a genuine dispute as to the authenticity of these agreements without at least some indication that this might be the case.  Put another way, the Court will not entertain speculation that signatures might be forged and put the parties to the expense of what might be a futile continuation of the lawsuit here if the plaintiffs are not willing even to assert that there is something amiss about the documents or their signatures.

The forum-selection clause in the IRA Custodial Account Agreement states:

> Any suit filed against custodian arising out of or in connection with this Agreement shall only be instituted in the county courts of Lorain County, Ohio where custodian maintains its principal office and you agree to submit to such jurisdiction both in connection with any such suit you may file and in connection with any suit which we may file against you.

[Doc. #10-1 at 6, ¶ 8.15; Doc. #18-3 at 13, ¶ 8.15; Doc. #18-5 at 7, ¶ 8.15].  The forum-selection clause found in the signed Direction of Investment Agreement states, in similar language:

> Any suit filed against Custodian arising out of or in connection with its role as custodian of the undersigned's Retirement Account shall only be initiated in the courts of Lorain County, Ohio; and the undersigned agrees to submit to such jurisdiction.

[Doc. #18-4 at 6, ¶ 15; Doc. #18-6 at 5, ¶ 15].  This suit plainly arises out of or in connection to Sterling Trust's role as custodian of the plaintiffs' retirement accounts.  Therefore, the Court is bound to dismiss the case if the forum-selection clause is valid.

The task of determining the validity of the forum-selection clause is not quite as simple as it appears, for the IRA Custodial Account Agreement also contains a choice of law provision.

The choice of law clause states: "This Agreement is subject to all applicable federal laws and regulations and shall be governed by and construed under the applicable laws of the Sate [*sic*] of Ohio." [Doc. #10-1 at 5, ¶ 8.15; Doc. #18-3 at 13, ¶ 8.15; Doc. #18-5 at 7, ¶ 8.15].

The plaintiffs do not argue that the choice of law provision is inapplicable—in fact, they cite Sixth Circuit law in support of their position that the forum-selection clause is invalid—and the Court sees no reason why it should not apply Ohio state law to this agreement.  Under Colorado's choice of law rules, which we look to first and foremost,[1] the Court must "apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the chosen state's law would be contrary to the fundamental policy of the state whose law would otherwise govern."  *Target Corp. v. Prestige Maint. USA, Ltd.*, No. 12CA0445, 2013 WL 363324, --- P.3d ---- (Colo. App. Jan. 31, 2013), *reh'g denied* (Apr. 18, 2013); *see also* Restatement (Second) of Conflict of Laws § 187 (1971).

The defendant appears to have chosen Ohio law because its principal place of business is in Ohio, and it wants to ensure that its custodian agreements are interpreted with consistency. The plaintiff has not argued that applying Ohio's law would be contrary to the fundamental policy of the state whose law would otherwise govern—presumably Colorado—and the Court has not come upon any fundamental policy concerns that arise with the application of Ohio state law in this case.  The Court notes, however, that the choice of law clause calls for courts to apply Ohio *state* law, not the law of the Sixth Circuit.  Therefore, the Court must determine whether the forum-selection clause is valid under Ohio state law.

The burden is on the plaintiffs to demonstrate that the forum-selection clauses are invalid and unenforceable.  *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,

---

[1] *See* AE, Inc. v. Goodyear Tire & Rubber Co., 168 P.3d 507, 508 (Colo. 2007) ("As a federal court exercising its diversity jurisdiction, the United States District Court for the District of Colorado must apply the choice of law rules of the forum state.").

134 S. Ct. 568, 581 (2013).  The plaintiffs argue that the forum-selection clause is unenforceable because (1) it is unconscionable; (2) the designated forum would ineffectively or unfairly handle the suit; and (3) the designated forum is so inconvenient that requiring the plaintiffs to bring suit there would be unjust.  [Doc. #14 at 2].  To begin, the second and third arguments are inapposite in this case.  "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  *Atl. Marine Const.*, 134 S. Ct. at 582.  These potential problems were foreseeable at the time of contracting, and therefore should be left undisturbed.  *See id.*

Effectively, once the parties agree to a forum-selection clause, "a district court may consider arguments about public-interest factors only."  *Id.*  Whether a contract is unconscionable constitutes a public-interest factor, as the public has a genuine interest in ensuring that unconscionable contracts are not enforced.  The plaintiffs argue that a contract is unconscionable where there is unequal bargaining power between the parties and the "sheer harshness" of contract terms renders the contract suspect.  [Doc. #14 at 2–3].  The plaintiffs do not, however, explain how the forum-selection clause is harsh; instead, they simply note that the defendants are seeking to enforce it.  From there, the plaintiffs discuss the home town advantage that Sterling Trust would benefit from in having a local court hear this case.  However, this argument goes to the second factor, which was foreseeable at the time the plaintiffs signed the contract.  In effect, the plaintiffs only argue that the forum-selection clause is unconscionable because of the unequal bargaining power between the parties.  However, under Ohio law, "merely averring an inequality of bargaining power is generally insufficient to establish procedural unconscionability."  *Hall v. Woodland Lake Leisure Resort Club, Inc.*, 97CA945,

1998 WL 729197 (Ohio Ct. App. Oct. 15, 1998) (citing *Richard A. Berjian, D. O., Inc. v. Ohio Bell Tel. Co.*, 375 N.E.2d 410, 416 (Ohio 1978)).

The Court finds that the plaintiffs have not met their burden of showing that the forum-selection clause is invalid and unenforceable.  The case should have been brought in county court in Lorain, Ohio.

### ORDER

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss [Doc. #10] for improper venue, and hereby dismisses the case without prejudice.

DATED this 11th day of April, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge