IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-03046-RBJ-KLM

MARIA BURKE, both individually and on behalf of the Individual Retirement Account of Maria Burke, and
DONNA GRAHAM, both individually and on behalf of the Individual Retirement Account of Donna Graham,

      Plaintiffs,

v.

STERLING TRUST COMPANY n/k/a EQUITY TRUST COMPANY d/b/a EQUITY INSTITUTIONAL, an Ohio Corporation,

      Defendant.

## ORDER

      This matter comes before the Court on Plaintiffs' Motion to Alter or Amend Judgment, or, in the Alternative, to Transfer Venue [ECF No. 33]. The motion is hereby denied. The Court also addresses the Defendant's Bill of Costs and Motion for Attorney's Fees [ECF No. 28], which is granted in part and denied in part.

      **A. Plaintiffs' Motion to Alter or Amend Judgment, or, in the Alternative, to Transfer Venue.**

      The plaintiffs argue that the Court improperly dismissed their case when it found that a forum selection clause mandated that the case be brought in the county courts of Lorain County, Ohio. In particular, they feel the Court failed effectively to consider their argument that the defendant did not properly authenticate their signatures on the contracts containing the forum selection clause. Notably, at no point while briefing the original motion to dismiss did the

1

plaintiffs claim that the signatures found on the contracts were forgeries. Instead, they argued that the defendant failed to meet its burden to authenticate the documents because they *could* have been forged. [ECF No. 21 at 3]. The Court disagreed, and found instead that the contracts were properly authenticated. Without an actual claim of forgery or of another defect, my hands are tied.

This Court has no desire to deprive plaintiffs of their day in court. If one assumes the truth of their allegations, then they have sustained a substantial, maybe devastating, loss, at the hand of an unscrupulous investment advisor. Whether they could recover the loss against this defendant is a different matter, but the Court's preference would be that the issue be decided on its merits, not on a procedural issue. They had an available forum, the county court in Lorain County, Ohio, but chose not to pursue the case there, apparently fearing that they would fall victim to the defendant's alleged home court advantage in that court. I do not comment on the merits of that concern, but I do note that appellate courts exist to review and, if necessary, correct the decisions of lower courts. Regardless, what this Court must do is to apply the law. The law generally supports the enforcement of forum selection clauses, notwithstanding that they might be contained (as appears to be so here) in a "contract of adhesion." Without an innovative and persuasive argument for modification of the law as applied to this case, my duty is to enforce it, however much I might wish it were otherwise.

Even presuming (without finding) that this most recent motion calls into question the authenticity of the plaintiffs' signatures, there is no reason to believe that this revelation constitutes new evidence previously unavailable. The plaintiffs could have undertaken these handwriting analyses or called into question the enforceability of the contracts at the time of the original motion. In fact, the Court granted leave to file a Sur-Reply [ECF No. 20] because, as the

plaintiffs pointed out in their request, the defendant had attached 74 pages of new material to its Reply to which the plaintiffs wished to respond [ECF No. 19]. The evidence (or at minimum the arguments) could have been presented at that time. Plaintiffs' counsel has not persuaded the Court that it made a diligent yet unsuccessful attempt to discover the evidence at that time, and therefore it will not be considered now.

I also note that allegations concerning the validity of these contracts were not put forth in the Complaint. Nor did plaintiffs' counsel file for leave to amend the Complaint once they became aware of this significant oversight. The Court certainly would expect such a motion should the plaintiffs genuinely believe that these signatures are forgeries. The Court further recognizes that the Complaint asserts a breach of contract claim for which the plaintiffs seek monetary damages. [ECF No. 1 at 12–14]. In consequence, it appears the plaintiffs believe these contracts are valid. The plaintiffs cannot assert that they are due damages for breach of contract and then, without striking this claim, argue that the contracts are invalid upon discovering they filed suit in the wrong venue.

Finally, the Court has no jurisdiction to transfer this litigation to the Northern District of Ohio as the forum selection clause specifies that the suit must be filed in the county courts of Lorain County, Ohio. A federal court cannot transfer a case to a state or county court. Further, plaintiffs' argument concerning the right to removal (in the Reply brief) is inapposite. Simply because the defendant may be able to remove this case to federal court after it is filed in a state court does not mean that plaintiffs have a right to litigate the case on its merits in the federal court.

The Court declines to address any other arguments put forth as unavailing.

### B. Defendant's Bill of Costs and Motion for Attorney's Fees.

The Court has reviewed the defendant's motion seeking attorney's fees and costs related to defending this action. The Court grants the motion as to costs only.

The defendant asks this Court to grant it attorney's fees under a Colorado statute, C.R.S. § 13-17-201. But the Court has previously ruled (as defendant argued) that Ohio substantive law governs this dispute. April 11, 2014 Order [ECF No. 27] at 5. In the Tenth Circuit, attorney fee statutes are considered substantive for purposes of a diversity action. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). But defendant cites no Ohio law supporting its attorney's fee request. The burden to carry a motion lies on the moving party. Without providing authority or basis for an award of fees under Ohio law, defendant has not met its burden. *See Sheppard v. Sooner Survey, Inc.*, No. 06-CV-324-GKF-PJC 2007 WL 1203004, *2 (N.D. Okla. Apr. 23, 2007).

In the alternative, the defendant contends that it must be awarded its attorney's fees and costs under the terms of the custodial agreement entered into by the plaintiffs. In support of this argument the defendant once again cites Colorado case law. [*See* ECF No. 28 at 2]. However, the question is whether this agreement, a contract of adhesion purporting to indemnify the defendant from suit arising even from its own negligence, would be supported under Ohio law.

Ohio courts recognize the right for two parties to include a provision of attorney's fees to the prevailing party should a dispute arise under the parties' agreement. *See Marcy Estates, Inc. v. Reserve Co., Inc.*, 90-G-1614, 1991 WL 216942, *1–2 (Ohio Ct. App. Oct. 25, 1991). However, no case law has been cited in support of the defendant's assertion that attorney's fees can be imposed based on a provision in a contract of adhesion calling for reimbursement of "all

4

legal fees, expenses, costs, fines, penalties and obligations incurred or to be incurred in connection with the defense, contest, prosecution or satisfaction of *any* claim made, threatened or asserted pertaining to *any* investment or action . . . including, without limitation, claims asserted by you, any state or federal regulatory authority or self regulatory organization." Traditional and Roth IRA Custodial Account Agreements and Disclosure Statements [ECF No. 28-1] at 3, § 8.03(a) (emphasis added). This language, which appears in size 8 font and in the middle of page 3 of 19 of a custodial account agreement, does not take into account the merits of the claim, purporting to provide fees to the defendant even if it should lose the case. Ohio courts strictly scrutinize contract language that would indemnify one party from the financial consequences of its own negligent behavior. *See e.g.*, *Glaspell v. Ohio Edison Co.*, 505 N.E.2d 264, 266 (Ohio 1987); *George H. Dingledy Lumber Co. v. Erie R. Co.*, 131 N.E. 723, 725 (Ohio 1921). Applying this strict scrutiny standard, the Court finds that this clause overreaches and is, in turn, unenforceable. The defendant's motion for attorney's fees pursuant to the terms of the custodial agreement is therefore denied.

The Court does agree, however, that under the Federal Rules of Civil Procedure and the District Court of Colorado's Local Rules the defendant as the prevailing party is entitled to its reasonable costs. Fed. R. Civ. P. 54(d)(1); D.C.COLO.LCivR 54.1. The defendant contends that it has incurred reasonable and necessary costs totaling $2,504.38. However, the defendant should follow the procedure set forth in those rules, particularly the local rule which requires the filing of a bill of costs with the clerk's office.

## ORDER

The Court hereby DENIES Plaintiffs' Motion to Alter or Amend Judgment, or, in the Alternative, to Transfer Venue [ECF No. 33]. The Court GRANTS IN PART and DENIES IN

PART Defendant's Bill of Costs and Motion for Attorney's Fees [ECF No. 28].  The motion is granted only as to costs, which are awarded pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 9th day of July, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge